## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN KRUPPER** ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | 2:25-cv-_____ |
| v. ) | |
| ) | |
| **SHADE-CENTRAL CITY SCHOOL** ) | |
| **DISTRICT** ) | |
| ) | <u>JURY TRIAL DEMAND</u> |
| Defendant. ) | |

## **COMPLAINT**

Plaintiff John Krupper, through counsel, files the following complaint against defendant Shade-Central City School District:

## **THE PARTIES**

1. Plaintiff John Krupper is an adult individual and resides at 347 North Dice Alley, Ligonier, PA 15658.

2. Defendant Shade-Central City School District is a Commonwealth of Pennsylvania entity and conducts its general business operations at 203 McGregor Avenue, Cairnbrook, PA 15924.

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 as federal questions are raised and has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1332.

4. Declaratory relief is sought pursuant to Title 28 U.S.C. §2201 and §2202.

5. Injunctive relief is sought pursuant to Rule 65, Federal Rules of Civil Procedure.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination for both age and retaliation. Plaintiff dual filed his Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

7. Plaintiff received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission and this action was commenced within the 90 day deadline set forth by that letter.

## STATEMENT OF THE FACTS

8. Plaintiff is currently fifty-eight (58) years old and was over the age of forty (40) at all times relevant to this matter.

9. In July 1999, plaintiff was hired as an elementary school principal by defendant at Cairnbrook Elementary.

10. Plaintiff held that position until July 2025.

11. In July 2008, plaintiff was offered a Superintendent position by defendant in addition to his current position as the elementary school principal. Plaintiff accepted this position.

12. At all times relevant to this matter, plaintiff adequately performed the duties of both positions until April 2024.

13. Per plaintiff's superintendent contract, plaintiff and defendant agreed that "[plaintiff] may, at his option, resume his prior duties and employment with the District as Elementary Principal, subject to the term and conditions as set forth in the attached Employee Responsibilities Overview." (Exhibit "A" – Fifth Amended and Restated Superintendent's Contract)

14. On or around April 2024, plaintiff decided to step down from his position as superintendent and dedicate himself solely to his position as elementary school principal per his contract.

15. At or around this time, plaintiff was earning approximately $125,000.00 per year.

16. At or around the same time, plaintiff observed that defendant's school board was engaging in conduct that he reasonably believed violated Pennsylvania's Sunshine Act (65 Pa. C.S. §701-716).

17. Plaintiff made several reports regarding these potential violations to the Solicitor, Jeff Burke, the School District and the District Attorney from May 2024 to July 2024.

18. In addition, plaintiff reasonably believed that defendant's School Board was acting in a manner to benefit their own personal interests over the School District, which plaintiff likewise reported.

19. After making these reports and stepping down from the superintendent position, defendant began a concerted campaign of harassment and discrimination directed toward plaintiff.

20. Defendant's harassment continued to mount following plaintiff's reports of wrongdoing by defendant's School Board and its members.

21. Plaintiff observed that defendant began attempting to pressure him to either resign and/or retire from the School District.

22. In late June 2024 to early July 2024, plaintiff noticed that defendant unilaterally decreased his salary by approximately $30,000.00.

23. Plaintiff believes and therefore avers that defendant unilaterally decreased his salary in an effort to force him to resign and/or retire due to his reporting of alleged wrongdoing by defendant's School Board.

24. In addition, plaintiff believes and therefore avers that defendant decreased his salary with an intent to discriminate against him on the basis of his age.

25. Plaintiff believes and therefore avers that defendant decreased his salary in retaliation for his whistleblowing activities and/or attempting to protect his constitutional and/or contractual rights.

26. Pursuant to the Pennsylvania School Codes, plaintiff believes and therefore avers that defendant was not permitted to decrease plaintiff's salary without holding a hearing and/or obtaining his consent.

27. Plaintiff did not consent to the decrease in his salary, and further, defendant never provided plaintiff with an opportunity for a hearing to address any prospective demotion and/or salary decrease.

28. These actions were in violation of plaintiff's constitutional and contractual rights that resulted in plaintiff being deprived of his due process and/or property interests.

29. After discovering his salary reduction, plaintiff requested that defendant correct the same and immediately reinstate his proper salary.

30. Plaintiff suffered duress as a result of defendant's improper reduction in his salary.

31. Defendant used this economic duress and/or financial coercion to force plaintiff into an early retirement plan that he otherwise would not have agreed to enter.

32. Under this early retirement plan, defendant reinstated plaintiff's salary and required him to retire from his elementary school principalship on July 31, 2025.

33. Plaintiff believes and therefore avers that defendant pressured him to retire as defendant intended to hire a younger individual to replace him.

34. In addition, plaintiff believes and therefore avers that defendant pressured him to retire in retaliation for reporting alleged wrongdoing by defendant and/or his whistleblowing activities.

35. At all times relevant hereto, plaintiff avers that he did not intend to retire from his position as principal. Rather, plaintiff only agreed to the purported retirement agreement due to defendant's actions that cause him undue duress.

36. In addition, plaintiff was not hired or considered for the assistant softball coaching position after defendant's School board made a motion at the January 2025 school board meeting to open up coaching positions to staff, which broke a long standing past practice.

37. On January 20, 2025 the defendant's School Board voted to table the hiring of an Assistant Girls Varsity Softball Coaching position, and open the position up to staff. There was a discussion among school board members at the meeting that the district needs to hire more staff as coaches. The current head softball coach is not employed by the school district. The High School Principal was directed to advertise the position in the next paycheck, so that all staff knew that the position was now open to staff members.

38. On January 31, 2025 plaintiff submitted an email to the High School Principal, that he was applying for the position, which was advertised in the January 25, 2025 paychecks.

39. Plaintiff never received receipt or acknowledgement that his application was received.

40. Plaintiff was not contacted regarding the position, or scheduled for an interview.

41. At the February 3, 2025 school board meeting, the athletic director informed the school board that two employees applied for the position. The school board hired a non employee of the district as the assistant softball coach.

42. During the meeting the athletic director made false and discriminatory comments about plaintiff. As a result of these false statements & derogatory comments that the Athletic Director stated to the school board was a factor in plaintiff not being hired by the school board at the February 3, 2025 school board meeting.

43. Plaintiff believes and therefore avers that he was denied this position due to the continuing age discrimination and in retaliation for reporting alleged wrongdoing by defendant and/or his whistleblowing activities.

44. On July 31, 2025, plaintiff was required to leave his position as principal for defendant's elementary school, which was tantamount to a discharge.

## INJURIES AND DAMAGES

45. As a direct and proximate result of defendant's actions, plaintiff suffered from the following injuries and damages:

    a. Plaintiff lost income, employment benefits and financial security;

    b. Plaintiff suffered damage to his reputation;

    c. Plaintiff developed, suffered and continue to suffer from embarrassment, shame and emotional distress;

    d. Plaintiff suffered and continue to suffer from a diminution in enjoyment of his life;

    e. Plaintiff's ability to earn wages have been diminished and continues to be diminished; and

    f. Attorneys' fees and costs.

## COUNT ONE – DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND ALL AMENDMENTS ("ADEA")

46. The prior paragraphs of this Complaint are incorporated herein by reference.

47. Plaintiff is a member of a protected class under the ADEA.

48. Plaintiff is fifty-eight (58) years of age and was over the age of forty (40) at all times relevant to this matter.

49. Plaintiff was discriminated against because he was an "older" employee who had seniority and more experience on the job.

50. Plaintiff was discriminated against by defendant due to his age and forced into an early retirement and denied a coaching position.

51. Defendant filled all positions that Plaintiff applied for and was terminated from with less qualified, less experienced and younger employees.

52. Because the discriminatory treatment of plaintiff by defendant was willful or in reckless disregard of plaintiff's civil rights plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendant and an award of damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADEA.

b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of age.

c) The immediate assignment of Plaintiff to such position as he would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d) The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e) The award of any pre-judgment interest on any back pay.

f) The award of compensatory damages.

g) The award of punitive damages.

  h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT TWO – 42 U.S.C. CODE §1983 CIVIL ACTION FOR DEPRIVATION OF RIGHTS

53. All preceding paragraphs are whereby incorporated herein as if set forth at length.

54. At all times material hereto defendant had authority to establish and enforce state policy with regard to employment and salary of its employees at the School District.

55. Plaintiff had an equal protection right under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1981 to not be intentionally treated differently from others similarly situated where there was no rational basis for such difference in treatment or to be deprived of his property interests without adequate due process.

56. The treatment of plaintiff was intentionally different from that given to other employees and there was no rational basis for such difference in treatment.

57. The treatment of plaintiff at the hands of defendant under the circumstances constitutes reckless disregard of plaintiff's Equal Protection right to be free from intentional treatment different from others similarly situated where there is no rational basis for such difference in treatment.

58. In addition, defendant intentionally interfered with plaintiff's property interests in violation of his Fifth and Fourteenth Amendments' Due Process Clauses.

59. Plaintiff has suffered and is now suffering and will continue to suffer irreparable injury by virtue of the continuing acts and omissions of defendant.

60. Plaintiff has no adequate remedy at law to redress these violations of his constitutional rights other than this action for injunctive, declaratory, compensatory and other relief.

61. As a direct result of the injuries sustained by plaintiff, plaintiff is entitled to damages as set forth in the above paragraphs.

62. Because the discriminatory treatment of plaintiff by defendant was willful or in reckless disregard of plaintiff's civil rights plaintiff is entitled to punitive damages

63. It is believed and therefore averred and unlawful practices were intentional on the part of defendant.

64. It is believed and therefore averred that defendant intentionally discriminated against plaintiff because of his reporting of alleged wrongdoing, whistleblowing and/or his age.

65. These unlawful practices were committed by the defendant to deprive plaintiff of his rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

66. These practices have caused plaintiff to suffer damages and have deprived plaintiff of equal employment opportunities, personal property and have otherwise adversely affected plaintiff because of his age.

67. As direct result of the injuries sustained by plaintiff, plaintiff is entitled to damages as set forth in the above paragraphs.

68. Because the discriminatory treatment of plaintiff by defendant was willful or in reckless disregard of plaintiff's civil rights plaintiff is entitled to punitive damages.

    **WHEREFORE**, Plaintiff requests the following:

    a. The entry of a declaratory judgment finding that the usages, customs, practices, and policies of Defendant violate the rights secured to Plaintiff by the Fifth and Fourteenth Amendment to the Constitution of the United States of America and by 42 U.S.C. §1983.

    b. The entry of a permanent injunction enjoining defendant from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable

      law so that the Defendant no longer discriminate on the basis of age and/or whistleblowing activities.

    c.    The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

    d.    The award of any pre-judgment interest on any back pay.

    e.    The award of compensatory damages.

    f.    The award of punitive damages.

    g.    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

    h.    The award of such other relief as may be just and proper.

### COUNT THREE – RETALIATION UNDER PENNSYLVANIA WHISTLEBLOWER LAW 43 P.S. LABOR §1421-1428

69.    The prior paragraphs of this Complaint are incorporated herein by reference.

70.    Plaintiff was retaliated against for reporting alleged violations of Pennsylvania's Sunshine Act (65 Pa. C.S. §701-716), ethical violations by defendant's School Board members and/or improper conduct by the defendant to the solicitor, school district and/or district attorney.

71.    Defendant's actions violated Pennsylvania's Whistleblower Law and caused plaintiff the damages set forth above.

72.    Because defendant's conduct was intentional, willful and/or done with reckless disregard for the rights of others, plaintiff seeks an award of punitive and exemplary damages.

73.    Plaintiff further demands the defendant be assessed the $10,000.00 civil penalty for its violation of this act.

    **WHEREFORE**, Plaintiff requests the following:

    a.    Awarding actual, compensatory, treble and/or punitive damages;

  b.  Awarding Plaintiffs their costs, expenses, and attorneys' fees incurred in this action;

  c.  Issuing injunctive relief prohibiting defendant from any continuing actions that are retaliatory for whistleblowing activities; and

  d.  All damages permitted by law for defendant's willful conduct.

## COUNT FOUR – BREACH OF CONTRACT

74. The prior paragraphs of this Complaint are incorporated herein by reference.

75. Plaintiff and Defendant entered into a valid and binding contractual agreement. (<u>Exhibit "A"</u>).

76. At all times relevant to this matter, plaintiff met and fulfilled all of his obligations per the agreement.

77. Per the agreement, defendant agreed to allow plaintiff to resume his role as elementary school principal.

78. Plaintiff elected to return to his position as elementary school principal.

79. Defendant breached the agreement by unilaterally decreasing plaintiff's salary and/or demoting him following this election.

80. Defendant's breach violated the terms of the contract and/or Pennsylvania School Code of 1949 and/or any amendments thereto.

81. Defendant's breach has directly and proximately caused significant harm and financial losses to plaintiff.

  **WHEREFORE**, Plaintiff requests the following:

  a.  Awarding actual, compensatory, treble and/or punitive damages;

  b.  Awarding Plaintiffs their costs, expenses, and attorneys' fees incurred in this action; and

    c.    All damages permitted by law for defendant's conduct.

**JURY TRIAL IS DEMANDED AS TO ALL COUNTS**

    Respectfully submitted,

    **PRAETORIAN LAW GROUP, LLC**

    /s/ Peter T. Kobylinski
    Peter T. Kobylinski, Esquire
    PA ID No.:  309832
    304 Ross Street, Suite 510
    Pittsburgh, PA 15219
    pete@koby.law

Dated:  December 2, 2025    *Attorneys for Plaintiff*