## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN KRUPPER,                          )
                                       )
                                       )
                                       )          **Case No. 3:25-cv-459**
                                       )
            **Plaintiff,**             )          **Judge Stephanie L. Haines**
        v.                             )
                                       )
SHADE-CENTRAL CITY SCHOOL              )
DISTRICT,                              )
                                       )
            **Defendant.**             )

## OPINION

In this civil rights employment discrimination action, Plaintiff John Krupper ("Plaintiff") sues Defendant Shade-Central City School District ("Shade-Central" or "Defendant"). Plaintiff initially filed a Complaint on December 2, 2025 (ECF No. 1), but later filed a First Amended Complaint on February 11, 2026 (ECF No. 10) after the parties filed a Joint Stipulation to extend the time to file a responsive pleading (ECF No. 8). Plaintiff asserts four claims in his Amended Complaint (ECF No. 10). In Count I, Plaintiff alleges an Age Discrimination in Employment Act ("ADEA") claim against Defendant. In Count II, Plaintiff alleges a civil rights claim pursuant to 42 U.S.C. § 1983 for deprivation of rights. In Count III, Plaintiff asserts a retaliation claim pursuant to the Pennsylvania Whistleblower Law. In Count IV, Plaintiff alleges a breach of contract claim against Defendant.

Currently pending before the Court is Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and (7) (ECF No. 11) and Brief in Support (ECF No. 12). For the reasons stated below, the Court will grant Defendant's Motion to Dismiss (ECF No. 11) as to Counts I, II, and IV. Plaintiff's Count III is allowed to proceed as to the Pennsylvania Whistleblower Law retaliation claim related to Plaintiff's alleged constructive discharge.

-1-

I.      **Factual and Procedural History**

Except where otherwise noted, the following facts are drawn from Plaintiff's Amended Complaint (ECF No. 10) and the other documents of record in this matter.  All facts alleged in Plaintiff's Amended Complaint (ECF No. 10) are assumed to be true for purposes of the pending Motion to Dismiss (ECF No. 11).

Plaintiff was hired as Shade-Central's elementary principal in 1999 and was promoted to District Superintendent in 2008.  (ECF No. 10 ¶¶ 9, 11).  While Plaintiff assumed the role as District Superintendent, he also retained his role as elementary principal and performed the duties of both positions until April 2024.  (*Id.* ¶ 11-14).  Plaintiff's superintendent contract expired on June 30, 2024.  (*Id.*; ECF No. 10-1).

As aforementioned, in or around April 2024, Plaintiff stepped down from his position as superintendent and performed only the position of elementary school principal.  (*Id.* ¶ 14). Around this same time, Plaintiff observed conduct from Defendant's school board (the "School Board") that he reasonably believed violated 65 Pa. C.S. § 701-716 (the "Pennsylvania Sunshine Act").  (*Id.* ¶ 16).  Plaintiff made several reports regarding these potential violations to the Solicitor of the School District and the District Attorney from May to July 2024.  (*Id.* ¶ 17). Plaintiff alleges that after he made these reports, Defendant "began a concerted campaign of harassment and discrimination directed toward Plaintiff."[1]  (*Id.* ¶ 19).  This included pressuring Plaintiff to either resign and/or retire from the School District.  (*Id.* ¶ 21).

In late June to early July 2024, Plaintiff's salary was reduced by approximately $30,000, which Plaintiff avers was due to his age.  (*Id.* ¶¶ 22-24).  Plaintiff alleges that this decrease in salary was an attempt to force him to retire and/or resign due to his report of alleged wrongdoing by the School Board.  (*Id.* ¶ 23).  This salary decrease led Plaintiff to sign a "retirement

---

[1] Plaintiff does not allege who participated in this campaign other than Defendant, a school district.

-2-

agreement[,]" which reinstated his salary and continued his employment as an elementary school principal through July 31, 2025. (*Id.* ¶ 32). In sum, Plaintiff alleges that Defendant pressured him to retire and intended to hire a younger individual to replace him. (*Id.* ¶ 34).

Then, on January 20, 2025, the Defendant's School Board voted to table the hiring of an assistant girls varsity softball coach and open the position to staff. (*Id.* ¶ 38). At the February 3, 2025 School Board meeting, the athletic director informed the School Board that two employees applied for the position, but ultimately the School Board hired a non-employee for the position. (*Id.* ¶¶ 42-43). At this meeting, the athletic director made false and derogatory comments about Plaintiff. (*Id.* ¶ 43). Plaintiff alleges he was denied this position due to continuing age discrimination and in retaliation for reporting alleged wrongdoing by defendant and/or his whistleblowing activities. (*Id.* ¶ 44). On July 31, 2025, Plaintiff was required to leave his position as principal, which Plaintiff alleges was tantamount to a discharge. (*Id.* ¶ 45).

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination and retaliation. (*Id.* ¶ 6). The EEOC issued a Right to Sue letter authorizing Plaintiff to sue within 90 days. (*Id.* ¶ 7). On December 2, 2025, Plaintiff commenced this lawsuit by filing a Complaint. (ECF No. 1).

On December 4, 2025, Plaintiff issued a Waiver of Service of Summons to the District, which was executed by the District's counsel on December 22, 2025. (ECF No. 6). In accordance with Federal Rule of Civil Procedure 4(d), the District's response was due on or before February 2, 2025.

On January 30, 2026, the parties filed a Joint Stipulation to Extend the Time to File a Response to Plaintiff's Complaint to permit the parties to meet and confer regarding Defendant's Motion to Dismiss. (ECF No. 8). Thereafter, Plaintiff filed a First Amended Complaint on

February 11, 2026. (ECF No. 10). Defendant then filed the pending Motion to Dismiss. (ECF No. 11). Plaintiff filed a Brief in Opposition on April 17, 2026. (ECF No. 15).

## II.    Legal Standard

The Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) where the complaint fails "to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claims are and the grounds upon which they rest. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809

---

[2] Although *Iqbal* described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *see id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III.  Analysis

For the reasons explained herein, the Court will grant Defendant's Motion to Dismiss as to all counts except Count III alleging violations of the Pennsylvania Whistleblower Law as related to his constructive discharge.

### a.  Count I: Age Discrimination under the ADEA

To state a legally sufficient claim of age discrimination under the ADEA, a plaintiff must show that "(1) [he] is at least forty years old; (2) [he] suffered an adverse employment decision; (3) [he] was qualified for the position in question; and (4) the adverse action occurred under the circumstances that create an inference that [his] age was a motivating factor." *Dodson v. Coatesville Hosp. Corp.*, 773 F. App'x 78, 80 (3d Cir. 2019) (citation omitted). In the absence of direct evidence of age discrimination, which Plaintiff does not appear to allege here, a plaintiff may establish a case of age discrimination indirectly using the burden-shifting analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The *McDonnell Douglas* framework does not mandate that a plaintiff prove a prima facie case of age discrimination in order to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). However, Plaintiff must actually allege a claim of age discrimination or he must allege enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements.

Defendant contends that Plaintiff's claim fails because he does not sufficiently plead: (1) that Defendant's adverse actions are connected to his age via direct or circumstantial evidence;

and (2) he fails to plausibly plead that he was qualified for the coaching position. (ECF No. 12 at 5-7). In response, Plaintiff contends that his First Amended Complaint establishes a plausible ADEA claim. (ECF No. 15 at 4-6). Specifically: (1) he alleges that he was over 40 at all relevant times; (2) he suffered adverse employment actions in the form of being forced into an early retirement plan and his non-hire as the assistant softball coach; and (3) he alleges facts supporting a reasonable inference of age discrimination, namely that Defendant pressured him to retire because Defendant intended to hire a younger individual to replace him and was denied the coaching position because of his age. (*Id.*). The Court disagrees and will dismiss Plaintiff's ADEA claim for the following reasons.

Here, Plaintiff appears to advance his ADEA claims based on two different alleged adverse actions: (1) coercion to sign an early retirement agreement; and (2) the non-hire for the position of assistant softball coach. Both of these claims fail.

First, in regard to the early retirement agreement, Plaintiff does not allege facts that support a plausible inference of age discrimination. Plaintiff does not demonstrate or otherwise allege the existence of negative remarks tied to his age. While Plaintiff alleges that he was subject to harassment following his report of the Defendant's School Board's violations of the Pennsylvania Sunshine Act and that there were false and discriminatory comments made about him during the February 3, 2025 School Board meeting where the athletic director informed the Board that a non-employee was hired for the assistant softball coach position, there are no facts advanced by Plaintiff that could give rise to an inference of age discrimination. (ECF No. 10 ¶¶ 42-43).

Second, with regard to the age discrimination claim based on the non-hire, Plaintiff does not allege that he was qualified for the varsity girls softball position. While Plaintiff alleges that

the position was filled with a less qualified, less experienced, and younger employee, (ECF No. 10 ¶ 52), this is not sufficient to imply that Plaintiff was himself qualified. *See Danielsen v. Pennsylvania Coll. of Tech.*, No. 4:13-cv-02927, 2014 WL 5088214, at *4 (M.D. Pa. Oct. 9, 2014) (stating that the plaintiff alleging that the younger individual hired to replace the plaintiff "had less experience" is insufficient to imply that plaintiff was qualified for the position). Indeed, there is nothing in the First Amended Complaint to indicate that Plaintiff has any experience with softball. Accordingly, the Court will dismiss Plaintiff's ADEA claim without prejudice.

### b. Count II: Section 1983 Claim for Vindication of Constitutional Rights

Initially, 42 U.S.C. § 1983 is not a source of substantive rights, but a vehicle that merely provides a remedy for violations of constitutional rights. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 815 (1985). To establish a claim under 42 U.S.C. § 1983, Plaintiff must initially demonstrate that: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the complainant of rights secured under the Constitution or federal law. *See Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 590 (3d Cir. 1998).

Defendant argues that Plaintiff's Section 1983 claim for age discrimination under the Fourteenth Amendment fails as a matter of law because the ADEA is the exclusive remedy for age-based discrimination in the Third Circuit. (ECF No. 12 at 7-8) (citing *Hildebrand v. Allegheny County*, 757 F.3d 99 (3d Cir. 2014)). In response, Plaintiff contends that his claim is more than a duplicative age-discrimination claim under the ADEA and rather alleges a plausible claim for deprivation of property rights without due process. (ECF No. 15 at 7-9). Plaintiff contends that he has sufficiently alleged both procedural and substantive due process claims

related to his alleged forced early retirement. (*Id.*). The Court agrees with Defendant as to Plaintiff's alleged violation of his Fourteenth Amendment rights and finds that Plaintiff has failed to plausibly plead a claim for deprivation of rights under Section 1983 as to all other alleged constitutional violations.

In the Amended Complaint, Plaintiff appears to state several Section 1983 claims based on violations of the following constitutional rights: (1) Fourteenth Amendment Equal Protection Clause; (2) Fourteenth Amendment Due Process Clause; and (3) Fifth Amendment Due Process Clause.

As to Plaintiff's claim under Section 1983 that Defendant discriminated against him on the basis of his age, in violation of the Equal Protection Clause of the Fourteenth Amendment, Defendant is correct that such claim is barred as "Congress intended the ADEA to be the exclusive remedy for claims of age discrimination in employment." *Hildebrand v. Allegheny County*, 757 F.3d 99, 110 (3d Cir. 2014) (affirming dismissal of Hildebrand's Section 1983 claim of age discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment). Accordingly, the Court will dismiss this claim with prejudice.

As to Plaintiff's Section 1983 claim based on the Due Process Clauses of the Fifth and Fourteenth Amendments, such clauses provide both procedural and substantive due process rights. "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000)). Additionally, a substantive due process claim based on deprivation of public employment

requires a plaintiff to "establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies." *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 139-40 (3d Cir. 2000) (quotations and citations omitted). "[N]ot all property interests worthy of procedural due process protection are protected by the concept of substantive due process." *Id.* at 140 (quotations omitted). The interest must be "fundamental" under the Constitution. *Id.* at 142.

Here, Plaintiff seeks to hold the Defendant, a school district, responsible for the alleged civil rights violations. Although it is unclear from Plaintiff's First Amended Complaint, Plaintiff seems to be seeking to hold Defendant vicariously liable for actions of certain employees, but Plaintiff fails to name other defendants. (ECF No. 10 ¶ 2). The problem with this theory of liability is that municipal employers, such as school districts, generally cannot be held vicariously liable for the constitutional violations committed by their employees. *Monell v. NYC Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Municipal liability only attaches when a plaintiff demonstrates that an official policy or custom caused the asserted constitutional deprivation. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007). Plaintiff sets forth no allegations advancing a theory of municipal liability based on an official policy or custom. Thus, the Court will grant Plaintiff's motion to dismiss on this count without prejudice and allow Plaintiff to re-plead only as to his alleged violations of his Fifth and Fourteenth Amendment Due Process rights.

### c. Count III: Retaliation Under the Pennsylvania Whistleblower Law

The Pennsylvania Whistleblower Law (the "Whistleblower Law"), 43 P.S. §§ 1422, *et seq.*, states that "[n]o employer may discharge, threaten, or otherwise discriminate or retaliate against an employer . . . because the employee . . . makes a good faith report . . . to the employer.

. . of wrongdoing or waste." *Callaghan v. Haverford Twp.*, 345 F. App'x 767, 771 (3d Cir. 2009) (quoting 43 P.S. § 1423(a)).

Defendant contends that Plaintiff's claim must be dismissed because Plaintiff failed to file this claim within 180 days after the occurrence of the alleged violation. (ECF No. 12 at 8-15). In response, Plaintiff argues that he pled an ongoing course of retaliatory conduct, not a single isolated act, and thus the statute of limitations clock began running on his final date of work. (ECF No. 15 at 10). Additionally, Plaintiff argues that equitable tolling should apply to toll the statute of limitations because of the extended course of retaliatory conduct. (*Id.* at 11).

The Court finds that only Plaintiff's alleged constructive discharge, which Plaintiff pleads occurred on July 31, 2025, is timely. (ECF No. 10 ¶ 32). This is the only alleged adverse action that occurred within 180 days of filing this claim on December 2, 2025. (ECF No. 1).

The Whistleblower law provides that a civil action alleging a violation may be brought within 180 days after the occurrence of the alleged violation. 43 Pa. Sta. Ann. § 1424(a). Pennsylvania courts have held that the 180-day time limitation is mandatory and courts lack discretion to extend it. *O'Rourke v. Pa. Dep't of Corrections*, 730 A.2d 1039, 1042 (Pa. Commw. Ct. 1999) (citation omitted).

Here, Plaintiff first asserted this claim on December 2, 2025. (ECF No. 1). Many of Plaintiff's alleged adverse actions do not occur within 180 days of December 2, 2025, namely the alleged decreased salary in retaliation for his whistleblowing activities (ECF No. 10 ¶ 25) occurring in "late June to early July 2024" (*Id.* ¶ 22) and his alleged non-hire for the position of assistant girls varsity softball coach at the February 3, 2025 School Board meeting (*Id.* ¶ 42). However, Plaintiff's alleged constructive discharge falls within the 180-day limitations period. Specifically, Plaintiff alleges he was required to leave his position as of July 31, 2025, "which

was tantamount to a discharge[,]" (ECF No. 10 ¶ 45).

Further, Defendant argues that this claim should be dismissed because Plaintiff's alleged report of Sunshine Act violations do not constitute "wrongdoing" or "waste" as defined under the Whistleblower Law. The Court finds that Plaintiff's allegations of "wrongdoing," while general in nature, are sufficient to survive the motion to dismiss.

"In the early stages of a Whistleblower action, allegations of 'wrongdoing' do not require a plaintiff to state the specific statutes, ordinances, internal regulations, or other codes of conduct that have to be violated, so long as the allegations, if proven, could reasonably fall within the definition of wrongdoing." *Kovac v. Pa. Turnpike Comm'n*, No. 2:09-cv-00400, 2009 WL 2475122, at *6 (W.D. Pa. Aug. 11, 2009) (citing *Podgurski v. The Pa. State Univ.*, 722 A.2d 730, 732-33 (Pa. Super. 1998); *Rodgers v. Pa. Dep't of Corrections*, 659 A.2d 63, 66 (Pa. Commw. Ct. 1994)). "When a plaintiff alleges that retaliatory action was taken against him after reporting certain types of wrongdoing, that plaintiff is within the 'plain intent' of the law and, therefore, whether some allegations fall under the provisions of the Whistleblower Law is a matter of discovery." *Kovac*, 2009 WL 2475122, at *6.

Here, Plaintiff alleges that he observed the Defendant's School Board engaging in conduct that he reasonably believed violated Pennsylvania's Sunshine Act and constituted ethical violations and/or improper conduct. (ECF No. 10 ¶ 16). Plaintiff made several reports regarding these violations. (*Id.* ¶ 17). As a result of making these reports, Plaintiff alleges that Defendant began harassing him and pressuring him to resign and/or retire. (*Id.* ¶¶ 19-21). While these allegations are sparse, they establish the retaliatory element necessary for a Whistleblower claim and give Defendant fair notice of the grounds upon which the claim rests.

Accordingly, the Court will deny Defendant's Motion to Dismiss as to Plaintiff's

Whistleblower Claim related to his constructive discharge, but grant Defendant's Motion to Dismiss as to Plaintiff's Pennsylvania Whistleblower Claim related to the alleged retaliation for whistleblowing activities and his alleged non-hire for the position of assistant girls varsity softball coach.

### d.  Count IV: Breach of Contract

A Pennsylvania breach of contract claim requires: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages." *Udodi v. Stern*, 438 F. Supp. 3d 293, 299 (E.D. Pa. 2020).

Defendant contends that Plaintiff's breach of contract claim should be dismissed because it fails as a matter of law.  Defendant argues that the Superintendent Contract was in full force and effect from July 1, 2020 to June 30, 2024, thus by its terms it expired prior to July 1, 2024, the date when Plaintiff's compensation was reduced. (ECF No. 12 at 15-18).  Further, Defendant argues that the claim should be dismissed because Plaintiff failed to sufficiently plead damages. (*Id.* at 18-19).

Plaintiff, in response, contends that Defendant remained bound by continuing contractual obligations after the stated expiration date of the contract, June 30, 2024.  (ECF No. 15 at 12). Further, Plaintiff argues that after he stepped down from the superintendent position Defendant continued the employment relationship until it reduced his compensation by about $30,000 in late June to early July 2024.  (*Id.*; ECF No. 10 ¶ 22).  Alternatively, Plaintiff contends that an implied-in-fact contract arose after the expiration date based on the parties' post-expiration conduct. (*Id.* at 13).

The Court will dismiss Plaintiff's breach of contract claim without prejudice and allow Plaintiff leave to amend as the exact date of Plaintiff's salary reduction is unclear.  Plaintiff

alleges that Defendant "unilaterally decreased his salary by approximately $30,000.00" in "late June 2024 to early July 2024[.]" (ECF No. 10 ¶ 22). Plaintiff's First Amended and Restated Superintendent's Contract (the "Contract") is clear that its expiration date was June 30, 2024. (ECF No. 10-1 at 1). There is no indication that the Contract was modified or extended. Indeed, by its express terms, the Contract could not be amended, changed, or modified except in writing approved of and signed by Plaintiff and approved of by the School Board. (ECF No. 10-1 at 12). Plaintiff does not submit any other signed writing that shows the Contract was modified. Accordingly, Plaintiff's breach of contract claim fails to the extent Plaintiff alleges the salary reduction occurred in early July 2024 as the Contract expired on June 30, 2024.

## IV.    Conclusion

Based on the foregoing, the Court will grant Defendant's Motion (ECF No. 11) as to Counts I, II, and IV and allow Count III to proceed as to the Whistleblower claim related to Plaintiff's alleged constructive discharge. Plaintiff's claim for violation of the Fourteenth Amendment Equal Protection Clause pursuant to Section 1983 is dismissed with prejudice. All other claims are dismissed without prejudice. The Court will allow Plaintiff thirty (30) days from the date of this order to file a motion for leave to amend the complaint, if he chooses to do so, as provided herein.

An appropriate order will follow.

DATE: June 12, 2026

BY THE COURT:

Stephanie L. Haines
United States District Judge

-13-